JUDGE HOLWELL                      07 CV 4803

232-07PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax

Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 0335)

JUN 0 6 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VYZANTIO SHIPPING LTD.

              Plaintiff,

   -against-

FORMOSA PETROCHEMICAL
CORPORATION,

             Defendant.
-----------------------------------------------------------------x

07 Civ.

**VERIFIED COMPLAINT**

Plaintiff, VYZANTIO SHIPPING LTD. (hereinafter "VYZANTIO"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant FORMOSA PETROCHEMICAL CORPORATION (hereinafter "FORMOSA"), alleges upon information and belief as follows:

   1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

NYDOCS1/282552.1

2. At all times material hereto, Plaintiff VYZANTIO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an agent in care of Aegean Shipping Management S.A. 42, Hatzikyriakou Avenue, Piraeus, Greece.

3. At all times relevant hereto, Defendant FORMOSA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 1-1, Formosa Plastics Group Industrial Zone, Mailiao, Taiwan.

4. On or about March 20, 2003, Plaintiff VYZANTIO, in the capacity as owner of the M/T BYZANTIO, an ocean going tank vessel, entered into a maritime contract of charter party with Defendant FORMOSA, as charterer, for the carriage of a cargo of no heat crude oil from, *inter alia*, OPS Hong Kong to Taiwan, the cargo to be loaded via STS (ship to ship) transfer (hereinafter the "Charter Party"). A copy of the Charter Party is annexed hereto as Exhibit 1.

5. Pursuant to the terms of the Charter Party, FORMOSA directed VYZANTIO to position the vessel alongside the M/T ASIAN PROGRESS II and thereafter undertake a STS transfer and loading operation for receipt of the cargo, all of which was to be done under the overall supervision and direction of representatives and superintendents of FORMOSA.

6. During the transfer operation, an explosion and fire occurred onboard the M/T BYZANTIO, resulting in, *inter alia*, loss of life, personal injury, and physical damage to M/T BYZANTIO and the M/T ASIAN PROGRESS II.

7. The cause of the explosion, fire and resulting losses as aforesaid was due to the failure and/or neglect of Defendant Formosa in the proper care, administration and supervision of the STS transfer from the M/T ASIAN PROGRESS II to the M/T BYZANTIO, the specifics of which are set forth in the "Defence and Counterclaim" submission of VYZANTIO in the

pending litigation in Hong Kong between the parties, a copy of which is annexed hereto as Exhibit 2.

8. By virtue of the foregoing, Defendant Formosa breached the terms and conditions of the Charter Party, and the duties and obligations imposed upon it as charterer in respect of a safe transfer, as well as the duties imposed upon it at law, all of which render Formosa liable for the damages and losses resulting from the subject casualty.

9. As a consequence of the casualty, damages and losses have been suffered, including but not limited to physical damage to and associated expenses/loss of use in respect to the M/T BYZANTIO which total, as nearly as can be calculated, $2,787,939.53; losses and exposure for the death and physical injury to the crew of the vessel, which total, as nearly as can be calculated, $321,189.06 representing both paid claims and pending claim estimates; potential exposure to the Chinese Authorities and Guangzhou Salvage expenses of $210,000; damages paid to the Owners of the M/T ASIAN PROGRESS II for physical damages sustained to that vessel in the sum of $2,300,000; legal costs in the handling of the casualty and ensuing inter-ship claims and proceedings against the Owners of the M/T ASIAN PROGRESS II in the sum of $550,000, for a current total of $6,169128,59.

10. As a consequence of the above referenced casualty, proceedings have been initiated in Hong Kong by the Defendant Formosa (as a Plaintiff) in connection with claims it has lodged against the VYZANTIO for damages relating, *inter alia*, extra transshipment expenses, and Defendant Formosa has already obtained security for its claims from the Plaintiff herein.

11. This action is without prejudice to the continuation of the above referenced Hong Kong proceedings and Plaintiff's rights to have the merits of the dispute determined there.

12. In the Hong Kong proceedings, Plaintiff has and will incur costs and expenses in prosecuting its claims against the Defendant, all of which are recoverable as an item of claim.

13. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the Hong Kong proceedings will be $750,000.

14. Finally, Plaintiff will be entitled to recover interest on its damages in the Hong Kong proceedings estimated to be $2,346,166 based upon a prevailing rate of US Prime plus 1%, for a period of 2.5 years (i.e. estimated date for completion of the case in Hong Kong).

### Request for Rule B Relief

15. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

16. The total amount to be attached pursuant to the calculations set forth above is $9,265,294.59.

WHEREFORE, Plaintiff VYZANTIO SHIPPING LTD. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$9,265,294.59** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any judgment entered against the Defendant in the Hong Kong proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
June 5, 2007

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff VYZANTIO SHIPPING LTD.

By: _____
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 0335)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )
                  ) ss.:
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
5th day of June 2007

_____
Notary Public

JOAN SORRENTINO
Notary Public, State of New York
No. 01SO6067227
Qualified in New York County
Commission Expires December 3, 2009

NYDOCS1/282552.1                        6